IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIMBERLY ANNE SCHEMBRI,<br>    Plaintiff,<br><br>v.<br><br>TRANSPORTATION SECURITY<br>ADMINISTRATION (TSA),<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>No. 21-1211-KHV |

## MEMORANDUM AND ORDER

On August 5, 2021, Kimberly Schembri brought suit pro se against the Transportation Security Administration ("TSA") in the Seward County District Court for unlawfully locking her in an airport terminal in February of 2019. Petition For Negligence (Doc. #8-1) filed September 13, 2021. On August 31, 2021, defendant removed the case to this Court. Notice Of Removal (Doc. #1) filed August 31, 2021. This matter is before the Court on defendant's Motion To Dismiss (Doc. #9) filed October 8, 2021. For reasons stated below, the Court sustains defendant's motion.

## Legal Standards

Defendant seeks to dismiss plaintiff's complaint in part for lack of subject matter jurisdiction. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002)). Defendant's motion falls within the former category because the Court need not consider evidence outside the complaint.

Courts may exercise jurisdiction only when specifically authorized to do so and must

"dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974); see Castaneda v. I.N.S., 23 F.3d 1576, 1580 (10th Cir. 1994). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). Plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed. See id.; see also Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for a pro se litigant. Id. A pro se litigant must "follow the same rules of procedure that govern all other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

**Factual Background**

Plaintiff's "Petition For Negligence" alleges that defendant locked her in an unspecified TSA terminal for an unspecified amount of time in February of 2019. Plaintiff claims $75,000 in total damages on the petition. Plaintiff's reply brief repeats that defendant locked her in a TSA terminal in February of 2019 but claims an additional $90 million in damages for TSA negligence. Response (Doc. #11) filed November 1, 2021; Notice (Doc. #14) filed November 29, 2021.

**Analysis**

Defendant argues that this Court lacks subject matter jurisdiction because plaintiff's claim arises under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346. In the alternative,

defendant argues that even if this Court could exercise jurisdiction, plaintiff failed to plead a claim upon which relief may be granted and failed to properly effectuate valid service of process. Plaintiff's opposition briefs do not respond to defendant's jurisdictional arguments.[1]  Because the jurisdictional issue is dispositive, the Court does not address defendant's other arguments.

The FTCA "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees."  Davenport v. U.S. Dep't of Treasury, No. 14-2527, 2015 WL 1346847, at *1 (D. Kan. Mar. 25, 2015) (quoting Wexler v. Merit Sys. Prot. Bd., 1993 WL 53548, at *2 (10th Cir. Feb. 17, 1993)).  Plaintiff's complaint alleges that TSA agents locked her in an airport terminal.  TSA is a component agency of the Department of Homeland Security, which is a subdivision of the Executive Branch of the United States government.  See 28 U.S.C. § 2671 (federal agency includes executive departments); 49 U.S.C. § 114(a) ("The Transportation Security Administration shall be an administration of the Department of Homeland Security"); 6 U.S.C. § 111(a) (Homeland Security is executive department of United States).

The proper defendant in a suit involving an FTCA claim is the United States, not the government agency.  In relevant part, the FTCA states that a suit against the United States is the exclusive remedy for an injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  Failure to name the United States as a defendant in an FTCA suit results in "a fatal lack of jurisdiction."  Davenport, 2015 WL 1346847, at *1 (quoting Wexler, 1993 WL

---

[1] On November 1, 2021, plaintiff filed a document labeled Response (Doc. #11) discussing her failure to timely respond to TSA communications. On November 29, 2021, plaintiff filed another response, out of time, titled Notice (Doc. #14). This document briefly refers to the incident in February of 2019, specifying that it took place in Liberal, Kansas. The only other detail which plaintiff provides is that police and a TSA representative were present.

53548, at *2).

Even if plaintiff's complaint had properly named the United States, this Court still lacks subject matter jurisdiction under the derivative jurisdiction doctrine. Defendant argues that when an action is removed under 28 U.S.C. § 1442, a federal district court's jurisdiction is derivative of the originating state court's jurisdiction. Traditionally, under the derivative jurisdiction doctrine, where a state court lacks subject matter jurisdiction, the federal court acquires none upon removal, "even though the federal court would have jurisdiction if the suit was brought there." Gentry-Smith v. Saul, No. 19-CV-04055-EFM, 2019 WL 6117966, at *1 (D. Kan. Nov. 18, 2019); see Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981). In 1986, Congress amended 28 U.S.C. § 1441(e) to add language that eliminated the application of the derivative jurisdiction doctrine. Lopez v. Sentrillon Corp., 749 F.3d 347, 350 (5th Cir. 2014). Courts disagreed whether in amending Section 1441, Congress also intended to abrogate application of the doctrine to Section 1442 removals. In 2002, however, Congress amended the provision and restricted the doctrine's abrogation to Section 1441 removals. Gentry-Smith, 2019 WL 6117966, at *1. As such, the derivative jurisdiction doctrine still applies to actions removed under Section 1442. Id.

As noted, defendant removed this case from Kansas state court to this Court under 28 U.S.C. § 1442. Under the derivative jurisdiction doctrine, this Court derives its jurisdiction from the Kansas state court. Here, however, the Kansas state court lacked subject matter jurisdiction. Section 1346(b) of the FTCA gives federal district courts "exclusive jurisdiction" over claims "for injury or loss of property, or personal injury or death" caused by the negligent or wrongful acts of a government employee within the scope of their employment. Plaintiff bears the burden of showing that jurisdiction is proper. See Marcus, 170 F.3d at 1309. Plaintiff's opposition

briefs do not assert any basis for this Court to exercise jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #9) filed October 8, 2021 is **SUSTAINED**. Plaintiff's Petition For Negligence (Doc. #8-1) filed September 13, 2021 is **DISMISSED** for lack of jurisdiction.

Dated this 3rd day of December, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
