**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KIMBERLY ANNE SCHEMBRI,        )<br>        Plaintiff,        )<br>        )         CIVIL ACTION<br>v.        )<br>        )         No. 21-1211-KHV<br>TRANSPORTATION SECURITY        )<br>ADMINISTRATION (TSA),        )<br>        )<br>        Defendant.        )<br>_____)| |

**MEMORANDUM AND ORDER**

On August 5, 2021, Kimberly Schembri brought suit pro se against the Transportation Security Administration ("TSA") for unlawfully locking her in an airport terminal in February of 2019. On December 3, 2021, the Court sustained defendant's motion to dismiss because the Court lacked subject matter jurisdiction. Memorandum And Order (Doc. #15). The Clerk of Court has entered judgment. Judgment (Doc. #16) filed December 3, 2021. This matter is before the Court on plaintiff's Notice To The Court (Doc. #17) filed December 10, 2021, which the Court liberally construes as a motion for reconsideration. For reasons stated below, the Court finds that the motion should be overruled.

**Legal Standards**

A litigant seeking reconsideration of a final judgment may file a motion to alter or amend the judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). Plaintiff filed her motion within this time and though she cites no authority for its submission, the Court construes it as a motion for reconsideration under Rule 59(e). See Hatfield v. Bd. of Cnty. Comm'rs For Converse Cnty., 52 F.3d 858, 861 (10th Cir. 1995).

The decision whether to grant a motion to reconsider is left to the Court's sound discretion.

Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). Because plaintiff appears pro se in this case, the Court must liberally construe her pleadings, but such liberal construction does not relieve plaintiff of her burden to demonstrate that reconsideration is proper. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp., 748 F. Supp. 2d 1261, 1264 & n.2 (D. Kan. 2010); see also Fed. R. Civ. P. 59(e); D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, rehash arguments or dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996).

## Analysis

Plaintiff asks the Court to reconsider its order on defendant's motion to dismiss. Plaintiff does not argue the first ground for reconsideration—an intervening change in controlling law. As for the second basis, plaintiff asks the Court to consider facts that it did not consider in the motion to dismiss because plaintiff did not include them in her complaint. Such facts are not "newly discovered," as they all existed before the Court issued the order granting defendant's motion to dismiss on December 3, 2021. Furthermore, plaintiff's "new evidence" does not relate to the issue of jurisdiction. As the Court stated in its order sustaining defendant's motion to dismiss, the failure to name the United States as a defendant in a Federal Torts Claims Act ("FTCA") suit results in a "fatal lack of jurisdiction." Memorandum And Order (Doc. #15) at 3. Even if plaintiff's complaint had properly named the United States, this Court still lacked subject matter jurisdiction under the derivative jurisdiction doctrine. This Court derived its jurisdiction from the Kansas state court,

and the Kansas state court lacked subject matter jurisdiction. Id. at 4. As plaintiff bears the burden of showing that jurisdiction is proper and plaintiff does not seek to introduce new evidence relating to jurisdiction, she fails to meet the second basis for granting a motion to reconsider. See Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Finally, plaintiff has not presented a clear error in the Court's order which caused manifest injustice. For these reasons, the Court declines to reconsider its ruling.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration, titled Notice To The Court (Doc. #17) filed December 10, 2021 shall be and hereby is **OVERRULED**.

Dated this 29th day of December, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge